guments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique MACEDONIO–GONZALEZ,**
**Defendant–Appellant.**

**No. 06–50846**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Enrique Macedonio–Gonzalez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arturo NINO–GARCIA, Defendant–**
**Appellant.**

**No. 06–50857**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Arturo Nino–Garcia raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernesto Antonio RODRIGUEZ–PANIAGUA, Defendant–Appellant.**

**No. 06–50859**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Ernesto Antonio Rodriguez–Paniagua raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Demetrio ALEMAN–SALAS, Defendant–Appellant.**

**No. 06–50882**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 7, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.